BENZ. (UNITED STATES v.) See Case No. 14,576.

BENZON, (UNITED STATES v.) See Case No. 14,577.

## Case No. 1,336:

### BERDAN FIRE–ARMS MANUF'G CO. v. REMINGTON et al.

[3 O. G. (1873,) 688.]

Circuit Court, N. D. New York.

PATENTS FOR INVENTIONS — PATENTABILITY — IMPROVEMENT INTRODUCED BY WORKMEN WITHOUT INVENTOR'S KNOWLEDGE — REISSUE.

1. An improvement which becomes necessary in the manufacture of a patented implement in order to overcome a difficulty growing out of a departure from the form of the model, and which is introduced into it by the workmen without the knowledge of the patentee, cannot be appropriated by him as his invention.

[See Whiting v. Graves, Case No. 17,577.]

2. If such an improvement is embodied by the assignees of the patentee in a reissue, they cannot recover upon it against others who use it.

3. When in the manufacture of Berdan's firearm the hinge of the breech-piece was raised so high as to bring its upper surface above the line of the bore, and thus interfere with the insertion of the cartridge, it is questionable whether it is a patentable invention to cut away the obstructing portion of the hinge, and thus give that part of it a curved surface.

[In equity. Bill by the Berdan Fire-Arms Manufacturing Company against E. Remington & Sons. Dismissed.]

H. M. Ruggles, for complainant.
Geo. Gifford, for defendants.

WOODRUFF, Circuit Judge. I have very grave doubts whether the so-called device described in and covered by the reissued patent upon which this suit is brought is patentable. The manner of constructing and securing the breech-piece for a breech-loading gun, which formed the subject of the original patent to Hiram Berdan, was, so far as appears in this case, an original invention. In procuring reissues of that patent the plaintiff, his assignees, have sought to secure to themselves a monopoly of a curved surface on the hinge of the breech-piece, which was no feature of the invention in what were its distinguishing features, but which was an obvious mechanical necessity incidental to the application of Berdan's device, or to the application of any similar device, whenever the hinge-pin is placed so high as to raise the surface of the hinge above the line of the barrel. Cutting away an obstruction to the introduction of the cartridge did not require invention—it was inevitable. But my conclusion in this case does not rest upon the doubt so expressed. I find as a fact established by the evidence that Berdan was not the inventor of the curve in the hinge, which is the subject of the patent sued upon.

His invention neither contained nor contemplated this feature in the breech-piece. He did not contemplate placing the hinge-pin so high as to render the curve necessary, nor did he give to the mechanics who, under his partial supervision, constructed the model of his actual invention, or the drawings from which his first gun was made, any instruction or suggestion embracing such a curve. The making of the curve in the hinge, when that gun was in fact constructed, resulted from a departure from Berdan's model by the workmen themselves, not by design, but through inadvertence. When the parts of the gun were completed and put together the workmen found that either by a departure in the working drawings (made by one of them) from the model, or by a departure in the gun from the working drawings, the hinge-pin

was raised so high as to interfere with the insertion of the gun-barrel, and also to interfere with the insertion of the cartridge, and they, therefore, and as a matter of judgment, cut it away. They did it not to obviate a difficulty necessarily incident to the use of Berdan's invention, but a difficulty created by the workmen themselves through an inadvertent error and departure from Berdan's contemplated position of the hinge-pin. In short, he contemplated raising the hinge-pin as high as, with the hinge in the ordinary or straight-surface form, was conveniently practicable, and they made under his direction both model and drawing of his invention in that form; but when they made a gun they placed the pin so high as to create the obstruction above referred to, and they cut it away to cure the apparent defect. In this Berdan was not consulted. He was not present when its necessity in that gun was discovered, nor was he present when it was done. Berdan did not invent it. If anything in the nature of invention pertains to it, that was done or made by the workmen without his knowledge. The bill herein must be dismissed with costs.

[NOTE. The original patent was granted to H. Berdan, January 9, 1866, (patent No. 51,-991;) reissued September 15, 1868, (No. 3,118.)]